UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-6035-FPG-MWP

DECISION AND ORDER

JOEL LUKE,

                Defendant.

## INTRODUCTION

Defendant Joel Luke is charged in a single count indictment for conspiracy with the intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing cocaine and 1 kilogram or more of a mixture and substance containing heroin, in violation of 21 U.S.C. § 846. ECF No. 2. By Order dated March 18, 2019, this case was referred to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B). ECF No. 36.

On January 15, 2020, the Government moved to disqualify Defendant's counsel based upon a conflict of interest. ECF No. 31. Then, in May 2021, Defendant moved to disqualify a Government witness—"Witness 2"—from testifying at trial due to a conflict of interest. ECF No. 85. There were numerous hearings on the matters and on July 22, 2021, Judge Payson issued a report and recommendation ("R&R") recommending that both the Government's motion to disqualify Defendant's counsel and Defendant's motion to preclude Witness 2 from testifying be denied. ECF No. 97. Judge Payson scheduled a *Curcio* hearing for July 28, 2021.[1] *Id.*

---

[1] The *Curcio* hearing was then adjourned until counsel could be present and was rescheduled for September 14, 2021. ECF No. 98. Then, at the September 14, 2021 hearing, Defendant requested to adjourn the *Curcio* hearing until after this determination. The request was granted and the hearing is currently set for October 21, 2021 before Judge Payson. *See* ECF No. 104.

After two requests for extensions of time, both sides filed objections to the R&R on September 3, 2021. ECF Nos. 101, 102. The Court provided each party until September 28, 2021 to file responses to the objections. ECF No. 103. On September 28, 2021, the Court received the Government's response. ECF No. 105. To date, Defendant has not filed any response.

For the reasons that follow, the Court ADOPTS the R&R and DENIES both the Government's motion to disqualify and Defendant's motion to preclude Witness 2's testimony, subject to the receipt of a knowing and intelligent waiver at the scheduled *Curcio* hearing before Judge Payson.

## BACKGROUND

The procedural background of this case is, without a doubt, lengthy. For purposes of brevity, the Court assumes the parties' familiarity with the relevant background and sets forth only a brief summary herein.

Defendant was indicted in 2017 but was not arrested or arraigned until two years later, in 2019. ECF No. 7. When Defendant was arraigned, he was assisted by a Criminal Justice Act panel attorney, but later retained counsel, Attorney James Nobles. ECF No. 10.[2] Sean Eldridge appeared on behalf of the Government on March 28, 2019, having assumed responsibility for the case after a former AUSA.

Over the course of the following months, the parties engaged in discovery and plea negotiations. None of the information provided in discovery during that time contained any reference to Witness 2. ECF No. 85-2 ¶ 19. Counsel met on November 22, 2019, and a potential conflict of an interest concerning Witness 1 was identified and discussed. ECF No. 72 at 44.

---

[2] Prior to Nobles's representation of Luke, the Government wrote a letter to Scott Green, whom Luke was considering retaining, and advised him that it was not aware of any conflicts in his potential representation of Luke. ECF No. 85-2 ¶ 14.

2

Sometime thereafter, the Government discovered that its potential witness, Witness 2, was represented by Brian DeCarolis—DeCarlois is, and was at the time the information was discovered, partners with Nobles in the two-person law firm of Nobles & DeCarlois.[3]

After numerous conferences, hearings and submissions on the matter—including, the appointment of conflict-free counsel to advise Defendant and Witness 2—Witness 2 informed the court that it joined in the Government's motion to disqualify Nobles, and Defendant continued to oppose the motion.

## JUDGE PAYSON'S R&R FINDINGS

In her R&R, Judge Payson determined first, that the potential conflict concerning Witness 1 does not warrant the disqualification of Defendant's counsel, Nobles. Specifically, Witness 1 is believed to be a friend of Defendant's and, if called, is likely to be a hostile witness for the Government. The Government seeks to elicit testimony from Witness 1 that a vehicle—which was searched and inside of which multiple kilograms of cocaine were found—though not driven by or registered to Defendant at the time of the search, was connected to Defendant and stored in a facility by Defendant. Witness 1's testimony may also include information regarding Defendant's tax returns, which bear Witness 1's signature, as well as an affidavit[4] and testimony from a forfeiture proceeding involving Defendant.

---

[3] According to Judge Payson's R&R, Nobles & DeCarolis's website indicates that the attorneys became partners in 2015, they use letterhead with the name "Nobles & DeCarolis," share office space, and use a common address, phone number, email address domain, and fax number. ECF No. 97 at 4-5. At the Judge Payson's request, DeCarolis explained, *inter alia*, that he and Nobles share a workspace and resources, but that each have their own clients and work independently. *Id.* at 5-6. Likewise, they each have their own files and do not have access to each other's files. They do not share revenues, only business expenses. *Id.* at 6. Moreover, after learning of the conflict, Nobles moved Defendant's physical file to his home office, he also repeatedly represented to Judge Payson that he never learned any secret, confidential, or privileged information about Witness 2. *Id.* at 7.

[4] Witness 1 has since admitted portions of the affidavit were false.

3

Nobles met with Witness 1 during his previous representation of a co-defendant of Witness 1 in a 2007 misdemeanor prosecution where both Nobles's client and Witness 1 were acquitted. Since then, Nobles and Witness 1 have had several meetings addressing legal questions regarding Witness 1's car dealership—the last being about two years ago. Nobles does not believe he knows any confidential information about the subject matter of the statements in the affidavit or Witness 1's former testimony; Nobles did not represent Defendant or Witness 1 in the forfeiture proceeding; Nobles did not ever discuss those proceedings with Witness 1 nor did they discuss Defendant. Importantly, Nobles does not believe he acquired any information that would impede his ability to cross-examine Witness 1 if Witness 1 were to testify in this case. Thus, Judge Payson found that this conflict did not provide a basis upon which disqualification of Nobles was necessary.

Second, Judge Payson determined that the conflict concerning Witness 2 was waivable and as such, recommended that both Defendant's motion to preclude Witness 2 from testifying and the Government's motion to disqualify Nobles be denied.

Witness 2 is, allegedly, an unindicted co-conspirator whom the Government expects to call at Defendant's trial. Sometime prior to the initial return of the indictment against Defendant, Witness 2 and his retained attorney, Brian DeCarolis, participated in a proffer session with then-Assistant United States Attorney Frank Sherman. At that time, Witness 2 provided information regarding Defendant and agreed to cooperate with the Government. The Government characterizes Witness 2 as an "important witness" for its case, and he continues to be represented by DeCarolis, including in connection with his anticipated testimony against Defendant. Weighing the competing interests, the prejudice to Defendant if forced to obtain new counsel, and the

4

prejudice to the Government if Witness 2 is precluded from testifying, Judge Payson determined that preclusion of Witness 2's testimony was not warranted.

Judge Payson also determined that although Nobles and DeCarolis represent themselves as a two-partner firm, the record demonstrated that the actual relationship between Nobles and DeCarolis lacks several hallmarks of a typical firm relationship. However, even assuming the relationship qualifies as a law firm under the ethics rules, the facts demonstrate little risk of shared confidences. Nobles represented to Judge Payson that he has not obtained knowledge of any privileged or confidential information relating to Witness 2. Therefore, Judge Payson determined that Nobles should not automatically be disqualified from the representation of Defendant, rather, she concluded that a rational defendant in Defendant's position could knowingly and intelligently desire to continue with the representation.

However, Judge Payson made clear that Nobles's continued representation was conditioned upon Defendant's waiver of the conflict at a *Curcio* hearing.

## LEGAL STANDARD

"The standard of review employed by this Court when considering appeals from the decision of a magistrate judge depends upon whether the challenged order is dispositive or nondispositive." *New York v. Salazar*, No. 08-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011). On a dispositive matter—*e.g.*, motions to suppress—the magistrate judge may only issue a Report and Recommendation ("R&R"). 28 U.S.C. § 636(b)(1)(B). A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3); *see also United States v. Sasiadek*, 310 F. Supp. 3d 371, 375 (W.D.N.Y. 2018). However, on a non-dispositive matter a district court reviews those portions of an order to which a party has timely objected according to the clearly erroneous standard. Fed. R. Crim. P. 59(a). Likewise, when a

5

party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009). After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

## ANALYSIS

On September 3, 2021, the parties filed their respective objections to Judge Payson's R&R. Specifically, Defendant objected to Judge Payson's denial to preclude Witness 2 from testifying because of (1) the length of time the government took to alert the defense of the conflict, (2) the Government's position in being able to recognize the conflict, and (3) the appearance that Witness 2's testimony is not critical and cumulative. ECF No. 101 at 1-2. On the other hand, the Government objected to Judge Payson's determination that the conflict requires Nobles be disqualified from representing Defendant, arguing (1) the representation is improper under the relevant rules, (2) the R&R discounts the rights of Witness 2, and (3) Defendant's attempt to have one firm client disqualified from testifying against another demonstrates why the representation is improper. *See generally*, ECF No. 102.

**I.      Witness 1**

As Judge Payson notes in her R&R, motions for disqualification are considered non-dispositive. ECF No. 97 at 1 n.1 (citing *Donatello v. Cty. of Niagara*, 2015 WL 8328845, at *1 n.1 (W.D.N.Y. 2015)). Since this issue is non-dispositive and no parties have objected to Judge Payson's finding, the Court may accept and adopt the finding as long as no clear error is apparent from the face of the record. Fed. R. Crim. P. 59(a). The Court has reviewed Judge Payson's R&R

6

and does not find that any portion of the decision concerning the Witness 1 conflict to be "facially erroneous." Therefore, the Court finds no clear error in the decision and adopts the finding as it pertains to the Witness 1 conflict.

## II.     Witness 2

As an initial matter, the Court notes that the disqualification of Nobles and the preclusion of Witness 2's testimony stem from the same conflict—DeCarolis's representation of Witness 2 and the relationship between Nobles, and DeCarolis.

### A.  Disqualify Nobles

First, the Government objects to Judge Payson's recommendation that Nobles is *not* automatically disqualified, but rather, that Defendant has the opportunity—based on the conflict—to enter a knowing and intelligent waiver of the conflict.

As Judge Payson notes in her R&R, motions for disqualification are considered non-dispositive. ECF No. 97 at 1 n.1 (citing *Donatello*, 2015 WL 8328845 at *1 n.1). Where a party objects to a non-dispositive issue, the Court reviews under the clearly erroneous standard. Fed. R. Crim. P. 59(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Centro De La Comunidad Hispana De Locus Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to have the assistance of counsel for his [or her] defense." U.S. Const. Amend. VI.  "While the Sixth Amendment does encompass the right to be represented by the attorney of one's choice, the essential aim of the right to counsel is to ensure an effective advocate for all criminal defendants." *United States v. Lech*, 895 F. Supp. 586, 589 (S.D.N.Y. 1995) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)).  Therefore, the Sixth Amendment encompasses the right to representation free of conflicts of interest.  *Wood v. Georgia*, 450 U.S. 261, 271 (1981).

Where a conflict of interest exists, the court must determine whether the conflict is actual or potential.  A potential conflict exists where a court finds that "a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation. . .." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994).  If such a finding is made, then a hearing pursuant to *United States v. Curcio*, 680 F.2d 881, 888-90 (2d Cir. 1982), to obtain a waiver of conflict directly from the defendant, must occur.

Judge Payson's non-dispositive ruling denying the motion to disqualify Nobles is neither clearly erroneous nor contrary to law.  Judge Payson determined that even if Nobles and DeCarolis qualified as a law firm, the record did not demonstrate that DeCarolis's conflict should be imputed to Nobles so as to automatically disqualify him.  ECF No. 97 at 28-29.  Rather, because of the length of the representation and the level of trust between Nobles and Defendant, Judge Payson determined that Defendant could intelligently and knowingly desire to continue with the representation.  *Id.*  Moreover, both Nobles and DeCarolis asserted that Nobles has not obtained any knowledge of any privileged or confidential information relating to Witness 2.  *Id.* at 28.  Thus, Judge Payson determined that the presumption of shared confidences was sufficiently rebutted.

*See generally, e.g.*, *United States v. Stein*, 410 F. Supp. 2d 316 (S.D.N.Y. 2006) (denying motion to disqualify counsel after weighing various factors, considering the severity of the conflict, obtaining a knowing and intelligent waiver and setting necessary conditions for the continued representation).

Importantly, this determination is conditional upon Defendant's *actual* waiver of the conflict—a hearing which has not yet occurred. Nevertheless, Judge Payson's determination that Defendant may waive the conflict is not clearly contrary to law, and the Court therefore ADOPTS the determination and DENIES the Government's motion to disqualify counsel on the condition that Defendant enters a knowing and intelligent waiver pursuant to *Curcio*.

**B. Preclude Witness 2**

Finally, Defendant objects to the Judge Payson's recommendation that Witness 2's testimony is not precluded on the grounds that (1) the Government delayed alerting Defendant to the conflict; (2) the Government was in a better position to recognize the conflict; and (3) Witness 2 appears to "not be a critical witness" and "is likely a cumulative witness." ECF No. 101 at 1-2. In other words, Defendant recognizes the conflict of interest due to his counsel's partner's representation of Witness 2. However, it is Defendant's position that the proper way to remedy the conflict is by precluding Witness 2 from testifying against him.

As discussed, a district court reviews the dispositive portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3); *see also Sasiadek*, 310 F. Supp. 3d at 375.

First, Defendant asserts that fairness favors the disqualification of Witness 2 because of the Government's knowledge and delay. Indeed, while there was a significant length of time between Nobles's retention and the recognition of the apparent conflict of interest, the Court finds that the information to identify such conflict was as available to DeCarolis as it was to the Government.

Based on the anticipated testimony from Witness 2, it is reasonable to assume that DeCarolis was aware that Witness 2 would testify against Defendant and at such point, DeCarolis could have screened for conflicts, thereby flagging the potential conflict for Nobles when Defendant ultimately retained him.  Therefore, the Court does not find Defendant's argument persuasive.

Indeed, it is rare that courts preclude witness testimony as a means to eliminate a conflict of interest.  *See, e.g.*, *United States v. Vegas*, No. 92-CR-92, 1993 WL 30937, at *1 (S.D.N.Y. Feb. 4, 1993) (denying motion to preclude witness due to conflict even where the United States Attorney's Office had failed to disclose conflicts in other cases).  For example, in *United States v. Lech*, 895 F. Supp. 586 (S.D.N.Y. 1995)—a case on which Defendant relies—the court determined that precluding testimony of a government witness who was previously represented by defendant's counsel[5] was an extreme remedy and would harm the interests of justice.  *Lech*, 895 F. Supp. at 592.  There, the court even noted that the United States Attorney's Office's failure to disclose possible conflicts of interest was not limited to the instant case but had occurred on other occasions.  No matter, the court ultimately concluded that the failure to disclose conflicts was not so frequently occurring as to warrant preclusion of a witness testimony as a remedy to the conflict.  *Id.*  Thus, it follows that preclusion is not warranted as a remedy for the potential conflict under the less egregious circumstances here.

Likewise, the Court is not convinced by Defendant's argument that Witness 2 is not critical and is likely cumulative.  In fact, the Government asserts the opposite.  Witness 2 is expected to provide testimony implicating Defendant in the narcotics conspiracy with which he is charged, namely, the distribution of kilogram quantities of cocaine and receipt of proceeds from those sales.

---

[5] The Court notes that such a conflict appears to be even more severe than the circumstances present here where it is not Defendant's actual counsel who represents Witness 2, but rather, it is his counsel's partner.  Moreover, Nobles has repeatedly indicated that he has not obtained confidential information regarding Witness 2.

Comparing the interest of Defendant's right to counsel with that of the Government's presentation of evidence, the Court concludes that preclusion of Witness 2 is not warranted. *See, e.g.*, *United States v. Messino*, 181 F.3d 826, 831 (7th Cir. 1999) (reversing a district court's decision to preclude witness testimony due to a conflict of interest where the consequences of disqualifying defendant's counsel did not outweigh the probative value of a witness's testimony).

## CONCLUSION

For the foregoing reasons, the Court adopts in full Judge Payson's R&R, ECF No. 97. The Government's motion to disqualify Nobles, ECF No. 31, is DENIED subject to Defendant's knowing and intelligent waiver at the *Curcio* hearing scheduled before Judge Payson and Defendant's motion to preclude Witness 2's testimony, ECF No. 85, is DENIED.

IT IS SO ORDERED.

DATED:   October 12, 2021
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York